UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS EVANS SEYMOUR,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C21-5213-MAT

ORDER

THIS MATTER comes before the Court on Plaintiff motion for attorney's fees (Dkt. 27) (Motion) filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner opposes the Motion in part (Dkt. 28) and requests that fees be reduced. In his reply (Dkt. 29), Plaintiff agrees to a fee reduction of $804.90 and amends his fee request to account for the time spent drafting the reply.

Having reviewed and considered the parties' briefs, and for the reasons discussed below, the Court finds that duplicative amounts and amounts billed for clerical tasks should not be compensated. Accordingly, the Court GRANTS IN PART and DENIES IN PART the Motion.

**DISCUSSION**

Under the Equal Access to Justice Act (EAJA), the Court awards fees and expenses to a

ORDER
PAGE - 1

prevailing party in a suit against the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Plaintiff initially requested an award of EAJA fees in the amount of $5,649.21, expenses in the amount of $17.58, and costs in the amount of $402.00. Dkt. 27. The Commissioner opposes the Motion in part and requests that the Court exercise its discretion to reduce the initial fee request to $4,427.60. Dkt. 28. The Commissioner does not oppose Plaintiff's request for expenses and costs. *Id.* at 6. In response, Plaintiff agrees to a fee reduction of $804.90 for time spent unsuccessfully pursuing arguments under *Seila Law*[1] and further amends his fee request to include $913.67 for time spent drafting the reply. Dkt. 29, at 4–5. Accordingly, Plaintiff's amended request seeks attorney fees in the amount of $5,757.98. *Id.* at 5.

Where attorneys' fees are available, the district court must determine what constitutes a reasonable attorneys' fee. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The Court applies the principles established for determining a reasonable fee award set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and other cases interpreting 42 U.S.C. § 1988. *See id.* Under *Hensley*, the Court may exclude from the fee calculation hours that were not "reasonably expended." 461 U.S. at 434. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Id.* at 437. If the government disputes the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v.*

---

[1] Because Plaintiff has withdrawn his request for fees for time spent pursuing arguments under *Seila Law*, the Court does not reach the merits of this request.

ORDER
PAGE - 2

*Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436–37. However, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa*, 690 F.3d at 1136 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

1. **Duplication of Effort**

The Commissioner argues that Plaintiff's fee request should be reduced by $239.29 to exclude time spent by attorneys Melissa DelGuercio (.8 hours) for reviewing drafts of the opening and reply briefs prepared by another attorney and Edward Wicklund (.3 hours) for assessing the Commissioner's response brief, which time the Commissioner argues was duplicative of effort. Dkt. 28, at 3–4. Plaintiff argues that collaboration between attorneys is not unreasonable and that different attorneys reviewed the brief for different purposes. Dkt. 29, at 2. The Court agrees that it is not unreasonable for a draft to undergo peer review. Here, however, Plaintiff billed not only for Melissa DelGuercio to review and edit the draft opening brief and reply brief (.8 hours) but also for Maren Bam to review and edit the draft briefs a second time (.5 hours). *See* Motion Ex. B, at 2. Although Plaintiff argues in briefing that the attorneys reviewed the briefs for different purposes, Plaintiff's attorney time log describes both attorneys performing essentially the same function. *See Neil v. Comm'r of Soc. Sec. Admin.*, 495 Fed. App'x 845, 847 (9th Cir. 2012) (a district court is within its discretion to reduce fees where time entries are "vague and inadequately explained"). Therefore, the Court reduces the fee request by .6 hours of attorney time ($130.52) to exclude unreasonable duplication of attorney time spent reviewing and editing the draft briefs.

Plaintiff further argues that .3 hours spent by Edward Wickland, a senior attorney,

ORDER
PAGE - 3

reviewing and assessing Defendant's response is not duplicative. Dkt. 29, at 2. Plaintiff's attorney time log does not describe any other attorney performing essentially the same function as Mr. Wickland in reviewing the response brief and assigning a writer to assess the reply. *See* Motion Ex. B, at 2. Courts should generally defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno*, 535 F.3d at 1112. Because the Commissioner has failed to show that the time spent by Mr. Wickland was duplicative, the Court declines to exclude .3 hours of attorney time from Plaintiff's fee request.

**2. Clerical Tasks**

The Commissioner argues that Plaintiff's fee request should be reduced by $195.00 to exclude time spent by paralegals performing clerical tasks. Dkt. 28, at 4–5. Specifically, the Commissioner argues that time spent reviewing and processing the files from the referral source (.6 hours), discussing IFP assessment and filing fees with the client (.2 hours), preparing and reviewing a retainer agreement and other representative documents for client signing (.9 hours), preparing service packets (.6 hours), filing proof of service with the court (.2 hours), and emailing with opposing counsel regarding briefing deadlines (.1 hours) are clerical tasks that should not be billed under EAJA. *Id.*

The Court may reduce attorney's fees "for purely clerical tasks." *Neil*, 495 Fed. App'x at 847; *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (holding an attorney may not seek fees for purely clerical tasks at an attorney rate); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (citations omitted) (holding clerical and organizational tasks "should have been subsumed in firm overhead rather than billed at paralegal rates"). Here, the Court finds several of the challenged paralegal time to be not purely clerical in nature. Specifically, the record shows that the Olinsky Law Group did not represent Plaintiff in the underlying administrative proceedings;

ORDER
PAGE - 4

therefore, it is reasonable that a paralegal would spend .6 hours reviewing and processing the files received from the referral source for attorney review. Further, the Court finds that it is reasonable and appropriate to spend .2 hours communicating with the client, .2 hours filing proof of service with the court, and .1 hours communicating with opposing counsel regarding court-imposed deadlines, which activities involve the fair and ethical representation a client.

However, the Court finds preparing service packets for service of process to be a purely clerical task and declines to award .6 hours of paralegal time ($45.00) spent performing this activity. *See Neil*, 495 Fed. App'x at 847 (not an abuse of discretion to deny fees for preparing and serving summons). Further, the Court finds .9 hours to be an excessive amount of time spent toward preparing and reviewing a retainer agreement and other unspecified representative documents for client signing and, therefore, deducts .5 hours of paralegal time ($37.50) expended performing this activity.

### 3. Fees for Defending the EAJA Motion

Plaintiff's attorney requests an additional 4.2 hours of attorney time ($913.67) expended defending the Motion and drafting the reply. Dkt. 29, at 4–5. Plaintiff's attorney has largely prevailed in the request for attorney fees and, considering the facts and arguments relevant to this case, the Court grants fees for preparing the reply. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (fees for time and expenses incurred in applying for fees covered in EAJA cases).

### CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees (Dkt. 27). The Court reduces Plaintiff's amended fee request by $213.02. Accordingly, attorney fees in the amount of $5,544.96, costs in the amount of $402.00, and expenses in the amount of $17.58 are hereby awarded to Plaintiff under EAJA.

If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to Olinsky Law Group and mailed to the following address: 250 South Clinton Street Suite 210, Syracuse, NY 13202.

DATED this 24th day of May, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 6