UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS EVANS SEYMOUR,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C21-5213-MAT

ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on the Commissioner's motion for reconsideration under LCR 7(h) (Dkt. 31) (the Motion). The Commissioner requests that the Court reconsider its May 24, 2022 order granting in part and denying in part Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Dkt. 30) (the EAJA Order). For the reasons set forth below, the Commissioner's Motion is DENIED.

**BACKGROUND**

Plaintiff initially moved for an award of attorney's fees in the amount of $5,649.21.[1] Dkt. 27. In opposing Plaintiff's fees motion, the Commissioner requested that the Court reduce Plaintiff's initial fee request to exclude time spent toward unsuccessfully pursuing arguments

---

[1] Plaintiff also requested reimbursement for expenses and costs, which fees were unchallenged.

ORDER
PAGE - 1

under *Seila Law* ($804.90), duplicative attorney time ($239.29), and paralegal time that was clerical in nature ($195.00). Dkt. 28. In Plaintiff's reply brief, Plaintiff voluntarily reduced his fee request by $804.90 for time spent pursuing his *Seila Law* arguments and amended his fee request to include time spent preparing his reply ($913.67). Dkt. 29, at 4–5. The Court granted in part and denied in part Plaintiff's motion for fees. Dkt. 30. The Court excluded attorney time that the Court found to be duplicative ($130.52) and paralegal time that the Court found to be clerical in nature ($82.50). *Id.* at 3–5. The Court further granted Plaintiff the full amount of attorney's fees requested for preparing the reply brief ($913.67). *Id.* at 5.

## DISCUSSION

Motions for reconsideration are generally disfavored. LCR 7(h)(1). The Court will only grant such motions where there is a showing of "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

The Commissioner argues that the Court erred by granting Plaintiff the full amount of his attorney's fees for defending his fees motion (fees-on-fees) and that "binding precedent requires reduction of fees-on-fees in proportion to the success in such litigation." Dkt. 31, at 4. The district court may award attorney's fees for work incurred while pursuing merits fees, including any efforts in support of the application for fees. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990). "The amount of attorney's fees awarded under the EAJA by the district court is reviewed for an abuse of discretion." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998). "A district court abuses its discretion if it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact." *Id.*

The Commissioner argues that it was inappropriate for Plaintiff's counsel to spend 4.2 hours and bill $913.67 for the EAJA reply for a dispute that amounted to $416.71, after accounting for Plaintiff's voluntarily reduction of $804.90. Dkt. 31, at 2. Here, Plaintiff's attorneys billed time spent entirely in reviewing and responding to the Commissioner's arguments that attorney's fees should be reduced in this case. *See* Dkt. 29, Ex. A. Indeed, the Commissioner challenged Plaintiff's attorney's fees request on several grounds, including improper billing for time spent on an unsuccessful and unrelated claim, duplicative attorney time, and clerical time. Dkt. 28, 2–5. The Commissioner further specifically challenged at least ten billing entries in Plaintiff's attorney's fees documentation. *Id.* The Court granted Plaintiff's request for attorney's fees for drafting the EAJA reply "considering the facts and arguments relevant to this case." Dkt. 30, at 5. The Commissioner has not shown that there was manifest error in the Court's decision to defer to Plaintiff attorney's "'professional judgement as to how much time he was required to spend on a case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citation omitted). Therefore, the Court finds that the Commissioner's arguments are not grounds for reconsideration.

The Commissioner next argues that Plaintiff's fees-on-fees award should be reduced so that it is proportional to Plaintiff's ultimate success in bringing his fee request. Dkt. 31, at 2–4. "[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Jean*, 496 U.S. at 163 n.10; *see Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995) (same). The Commissioner argues that *Jean* and *Thompson* require the Court to reduce Plaintiff's fees-on-fees award in proportion to Plaintiff's success in his request for merits fees. Dkt. 31, at 3–4. However, these cases do not dictate such a rigid outcome. Although the Ninth Circuit Court of Appeals has affirmed a district court's discretion to reduce a fees-on-fees award

ORDER
PAGE - 3

by the same ratio that it awarded merits fees, the Ninth Circuit has also affirmed a district court's discretion to award fees that exceeded the percentage by which a plaintiff prevailed on their request for merits fees. *Compare Thompson*, 45 F.3d at 1368 (affirming the district court's discretion to award Plaintiff fees-on-fees at the same ratio that it awarded merit fees—87.2%) *and Harris v. McCarthy*, 790 F.2d 753, 753 (9th Cir. 1986) (same, except at a ratio of 11.5%) *with Schwartz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) (affirming a 50% fees-on-fees award, which ratio exceeded the percentage of plaintiff's request for merits fees); *see also Jean*, 496 U.S. at 163 ("[N]o award of fees is 'automatic.' . . . [A] district court will always retain substantial discretion in fixing the amount of an EAJA award."). Here, in Plaintiff's reply brief, Plaintiff voluntarily reduced his fee request by $804.90—amending Plaintiff's fee request from $5,649.21 to $4,844.31—and subsequently defended only those fees that were included in his amended fee request. Dkt. 29, at 1. The Commissioner concedes that only $416.71 of Plaintiff's attorney's fees were in dispute. *See* Dkt. 31, at 2. The Court considered the parties' remaining arguments and ultimately reduced Plaintiff's amended attorney's fees award by $213.02, which amount represents 4.4% of Plaintiff amended fee request. Dkt. 30, at 4–5.

As noted by the Court in its EAJA Order, Plaintiff's attorney largely prevailed before the Court in defending his amended request for attorney's fees. Dkt. 30, at 5. Accordingly, the Court was within its discretion to award Plaintiff the full amount of attorney's fees related to preparing Plaintiff's reply brief. *See id.*, at 5. Because the Commissioner has failed to show that there was manifest error in the Court's decision to grant Plaintiff's request for attorney's fees for preparing the reply brief, the Court denies the Commissioner's motion for reconsideration.

//

//

ORDER
PAGE - 4

## CONCLUSION

For the reasons set forth above, the Commissioner's Motion for Reconsideration (Dkt. 31) is DENIED.

DATED this 1st day of June, 2022.

*[signature]*

MARY ALICE THEILER
United States Magistrate Judge